UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SELWYN ROBERTS, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiff,<br><br>-against-<br><br>AMERICAN GOLF CORPORATION, MICHAEL GUTIERREZ (aka MICHAEL DOE),<br><br>                    Defendants, | Case No.: 1:23-cv-6000<br><br>**COMPLAINT**<br><br>**COLLECTIVE AND CLASS ACTION** |

Plaintiff, SELWYN ROBERTS, individually and on behalf of all others similarly situated, by his attorneys, upon personal knowledge as to himself and upon information and belief as to all other matters, complaining of Defendants, AMERICAN GOLF CORPORATION, MICHAEL GUTIERREZ (aka MICHAEL DOE) (collectively "Defendants") alleges:

1. **NATURE OF ACTION**

    1.    This is a wage and hour action. This action seeks to recover unpaid minimum and overtime wages, spread of hours, statutory and liquidated damages, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and the New York Labor Law § 190, et seq. ("NYLL").

2. **JURISDICTION AND VENUE**

    2.    This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

    3.    Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as the South Shore Golf Course is in the Southern District of New York.

3. **THE PARTIES**

  3.1. **PLAINTIFF**

    3.1.1.**Plaintiff SELWYN ROBERTS**

    4.      Plaintiff resides in Nassau County, New York.

    5.      Defendants employed Plaintiff as a mechanic from approximately 1992 to the present.

    6.      Plaintiff SELWYN ROBERTS was, and remains, employed as a mechanic at South Shore Golf Course at 200 Huguenot Ave, Staten Island, NY 10312.

    7.      Throughout his employment, Plaintiff was an employee engaged in commerce or in the production of goods for commerce.

    8.      Plaintiff is a covered employee within the meaning of the FLSA. Corporate Defendants.

    9.      A written consent form for Plaintiff, SELWYN ROBERTS, was filed with this collective and class action complaint.

    10.      Throughout his employment, Plaintiff, SELWYN ROBERTS, was an employee of Defendants within the meaning of the FLSA and NYLL.

  3.2. **DEFENDANTS**

    3.2.1.**Defendant AMERICAN GOLF CORPORATION**

    11.      Defendant AMERICAN GOLF CORPORATION is a foreign business corporation, licensed to do business and doing business in New York with a service of process agent at NATIONAL REGISTERED AGENTS, INC. at the address 28 LIBERTY ST., NEW YORK, NY, UNITED STATES, 10005.

    12.      Upon information and belief, Defendant AMERICAN GOLF CORPORATION is one of the largest and most experienced golf management companies in the world, with over 240

golf properties, including municipal courses throughout the country.

13.    Defendant AMERICAN GOLF CORPORATION is a "full-service" management firm whose services include operations, agronomy, sales, and marketing, internet, online and social media management, merchandising, food and beverage, benefits administration, accounting services, construction and capital investment and staff training.

14.    Defendant AMERICAN GOLF CORPORATION boasts a portfolio of courses that stretch across the country, including several public and private golf courses in California, New York, and Georgia.

15.    Among those courses, Defendant AMERICAN GOLF CORPORATION operates Clearview Park Golf Course (Queens, NY), Dyker Beach Golf Course (Brooklyn, NY), La Tourette Golf Course (Staten Island, NY) and Pelham Bay and Split Rock Golf Courses (Bronx, NY).

16.    Defendants own and operate the South Shore Golf Course at 200 Huguenot Ave, Staten Island, NY 10312.

17.    Defendant AMERICAN GOLF CORPORATION allows individuals to book tee times through its website americangolf.com.

18.    Defendant AMERICAN GOLF CORPORATION also allows individuals to search tournaments and events at its courses through its website.

19.    Upon information and belief, employees of Defendant AMERICAN GOLF CORPORATION communicate via emails that end "@americangolf.com."

20.    Events at South Shore Golf Course are scheduled through individuals who work for Defendant AMERICAN GOLF CORPORATION.

21.    Defendant AMERICAN GOLF CORPORATION makes jobs available at its golf courses, including those in New York and at the South Shore Golf Course, through its website at https://careers-americangolf.icims.com/.

22.     South Shore Golf Course included a "restaurant," as defined in N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.1.

23.     Defendant AMERICAN GOLF CORPORATION engages in cost-containment practices and recognizes that labor is a cost area.

24.     Defendant AMERICAN GOLF CORPORATION claims that its process is to overlay its general operations plan on a facility and allow the on-site management team to make changes to ft the property.

25.     South Shore Golf Course is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

26.     Defendant AMERICAN GOLF CORPORATION is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

27.     Defendant AMERICAN GOLF CORPORATION had an annual gross volume of sales in excess of $500,000 within the three years prior to the filing of this Complaint.

28.     Defendant AMERICAN GOLF CORPORATION maintains a license agreement with the New York City Department of Parks and Recreation ("Parks") for the right to operate the South Shore Golf Course in Staten Island

29.     Defendant AMERICAN GOLF CORPORATION maintains a license agreement with the New York City Department of Parks and Recreation ("Parks") for the right to operate golf courses in New York.

30.     The license agreement grants Defendant AMERICAN GOLF CORPORATION the responsibility to renovate, operate, and maintain the South Shore Golf Course in Staten Island.

31.     The license agreement grants Defendant AMERICAN GOLF CORPORATION the responsibility to renovate, operate, and maintain golf courses.

32.     Defendant AMERICAN GOLF CORPORATION is listed on Plaintiff's pay stubs.

33.    Defendant AMERICAN GOLF CORPORATION is listed on Plaintiff's pay stubs to indicate that Defendant AMERICAN GOLF CORPORATION is Plaintiff's employer.

34.    Defendant AMERICAN GOLF CORPORATION exercised control, oversight, and direction over Plaintiff and similarly situated employees.

35.    Defendant AMERICAN GOLF CORPORATION employed Plaintiff.

36.    At all times, Defendant AMERICAN GOLF CORPORATION employed Plaintiff similarly situated employees.

37.    Defendant AMERICAN GOLF CORPORATION is a covered employer within the meaning of the FLSA and the NYLL.

38.    Defendant AMERICAN GOLF CORPORATION paid Plaintiff.

39.    Defendant AMERICAN GOLF CORPORATION paid Plaintiff by check.

40.    Defendant AMERICAN GOLF CORPORATION paid Plaintiff by direct deposit.

41.    Defendant AMERICAN GOLF CORPORATION (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

42.    Defendant AMERICAN GOLF CORPORATION maintains formal and functional control over Plaintiff's work and conditions of employment.

43.    Defendant AMERICAN GOLF CORPORATION applied the same employment policies, practices, and procedures to all employees, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread of hours, and recordkeeping.

44.    Defendant AMERICAN GOLF CORPORATION is Plaintiff's employer as a matter of economic reality.

45.     Defendant AMERICAN GOLF CORPORATION is a covered employer within the meaning of the FLSA and the NYLL and employed Plaintiff and similarly situated employees.

### 3.2.2. Defendant MICHAEL GUTIERREZ (aka MICHAEL DOE)

46.     Defendant MICHAEL GUTIERREZ (aka MICHAEL DOE) is the general manager at South Shore Golf Course.

47.     Defendant MICHAEL GUTIERREZ (aka MICHAEL DOE) was Plaintiff's supervisor or manager.

48.     Defendant MICHAEL GUTIERREZ (aka MICHAEL DOE) set Plaintiff's work hours and schedules.

49.     Defendant MICHAEL GUTIERREZ (aka MICHAEL DOE) used a computer to punch Plaintiff in and out at work to determine Plaintiff's work hours.

50.     Defendant MICHAEL GUTIERREZ (aka MICHAEL DOE) used a computer to punch other employees in and out at work to determine their work hours.

51.     Defendant MICHAEL GUTIERREZ (aka MICHAEL DOE) maintained payroll records of Plaintiff and similarly situated employees.

52.     Defendant MICHAEL GUTIERREZ (aka MICHAEL DOE) paid Plaintiff.

53.     Defendant MICHAEL GUTIERREZ (aka MICHAEL DOE) (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

54.     Defendant MICHAEL GUTIERREZ (aka MICHAEL DOE) is Plaintiff's employer as a matter of economic reality.

4. **FACTUAL ALLEGATIONS**

4.1. **Wage and Hour Allegations**

55.     Plaintiff performed physical work including, inter alia, working as a mechanic, making repairs, and working with machines.

56.     Plaintiff spent more than 25% of his working time engaged in physical labor.

57.     From approximately November 25, 2016, to January 2023, Plaintiff worked five days per week, from approximately 6 AM to 8:00 PM and one day per week from approximately 6:00 AM to 12:00 PM (approximately 76 hours per week).

58.     From approximately November 25, 2016, to January 2023, Plaintiff worked five days per week on which the shift's start and end times are greater than 10 hours apart.

59.     From approximately January 9, 2023, to the present, Plaintiff worked approximately five days per week from approximately 7:30 AM to 3:30 PM and one day per week from 6:00 AM to 12:00PM (approximately 46 hours per week).

60.     Plaintiff was paid a fixed biweekly salary for 80 hours of work no matter how many hours of work were performed.

61.     Defendants intended that the fixed biweekly salary was to only cover 80 hours of straight-time work per each 2-week pay period.

62.     From approximately 2016 to 2020, Plaintiff was paid approximately $1679.20 in biweekly fixed salary.

63.     From approximately 2021 to the present, Plaintiff was paid approximately $2400 per week in biweekly fixed salary.

4.2. **Defendants' Payroll Recordkeeping Practices.**

64.     Defendants failed to keep accurate records of the number of hours worked each day by Plaintiff and similarly situated employees.

65.    Defendants failed to keep accurate records of the number of hours worked each week by Plaintiff and similarly situated employees.

66.    Defendants failed to keep accurate records of the time of arrival and departure of each employee for each work shift of Plaintiff and similarly situated employees.

67.    Defendants failed to keep accurate records of the regular wages earned by Plaintiff and similarly situated employees.

68.    Defendants failed to keep accurate records of overtime wages earned by Plaintiff and similarly situated employees.

69.    Defendants failed to keep accurate records of tip credits claimed as part of Plaintiff and similarly situated employees' wages.

70.    Plaintiff and similarly situated employees were not given accurate wage statements with each payment of wages as required by the NYLL.

71.    Plaintiff and similarly situated employees were not given an accurate wage notice at the time of hiring or when rates of pay changed that, inter alia, accurately reflected rate or rates of pay and number of hours worked per week, as required by the NYLL.

72.    In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff' interest in ensuring proper pay. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. See N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the

employees' concrete interest in being paid properly and timely.

73.     Here, Defendants' failure goes beyond generating a risk of harm to Plaintiff and Class members. Defendants' conduct harmed Plaintiff and Class members. Defendants' failure to provide paystubs listing all hours and rates of pay, including overtime hours and overtime rates, deprived employees of the ability to contest Defendants' calculations, allowed Defendants to hide their wrong-doing, and necessitated the current litigation to vindicate Plaintiff and Class members' rights. This conduct ensured Defendants' ability to further delay providing proper compensation to low wage earners entitled to protection under federal and state law. Moreover, Defendants failure to provide wage notices allowed Defendants to hide the proper frequency of pay to employees. Defendants' failure to provide a wage notice to employees allowed Defendants to hide their responsibility and deprive employees of timely compensation.

74.     Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being properly paid.

75.     Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices and statements continues to result in delayed payment of all proper wages owed.

### 4.3.  **Collective Action Allegations**

76.     The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and similarly situated individuals who worked at for Defendants since the date three years prior to the filing of this action and who elect to opt-in to this action (the "FLSA

Collective").

77.     The FLSA Collective consists of employees who have been victims of Defendants'
common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully
denying them minimum wage, overtime pay and other monies.

78.     As part of their regular business practice, Defendants intentionally, willfully, and
repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to the
Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

     a.  willfully failing to pay its employees, including Plaintiff and the FLSA Collective,
        minimum wages for all hours worked

     b.  willfully failing to pay its employees, including Plaintiff and the FLSA Collective, the
        appropriate premium overtime wages for all hours worked in excess of 40 hours in a
        workweek;

     c.  willfully failing to record all the time that its employees, including Plaintiff and the
        FLSA Collective, have worked for the benefit of Defendants.

79.     Defendants' unlawful conduct is pursuant to a corporate policy or practice of
minimizing labor costs by failing to properly compensate Plaintiff and the FLSA Collective for the
hours worked.

80.     Defendants are aware or should have been aware that federal law required them to
pay Plaintiff and the FLSA Collective minimum wages for all the hours worked.

81.     Defendants are aware or should have been aware that federal law required them to
pay Plaintiff and the FLSA Collective overtime premiums for hours worked in excess of 40 hours
per week.

82.     The FLSA Collective would benefit from the issuance of a court supervised notice of
this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective

pursuant to 29 U.S.C. § 216(b).

83.    Upon information and belief, those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

84.    Defendants engaged in deceptive conduct to lead Plaintiff and Collective and Class Members to believe that they were not entitled to overtime which prevented Plaintiff and Collective and Class Members from discovering or asserting their claims any earlier.

### 4.4. **Class Action Allegations**

85.    The claims in this Complaint arising out of the NYLL are brought by Plaintiff under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and classes consisting of all persons who have worked for Defendants who are victims of Defendants policy and practice of violations of the NYLL. The class periods shall be for six years and 228 days (the "Rule 23 Class") preceding the filing of the original complaint.

86.    The members of the Rule 23 Classes are so numerous that joinder of all members is impracticable.

87.    Upon information and belief, Defendant AMERICAN GOLF CORPORATION employes more than thirty (30) people.

88.    Although the precise number of such employees is unknown, the facts on which calculation of that number depends are presently within the control of Defendants.

89.    Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole. For example, none of the Rule 23 class members are paid minimum or overtime wages or spread of hours; nor are they given accurate wage notices and statements nor are they timely paid as required under NYLL Section 191.

90.    Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

a.    Whether Defendants violated NYLL Articles 6 and 19, and the supporting New York State Department of Labor Regulations;

b.    Whether Defendants failed to pay Plaintiff and the Rule 23 Class minimum wages for all of the hours they worked;

c.    Whether Defendants correctly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 hours per workweek;

d.    Whether Defendants correctly compensated Plaintiff and the Rule 23 Class for spread of hours for all shifts whose start and end times spread more than ten hours apart;

e.    Whether Defendants failed to pay Plaintiff on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned as required in NYLL Section 191;

f.    Whether Defendants violated NYLL 195(1) concerning the failure to furnish wage notices to Plaintiff and the Rule 23 Class;

g.    Whether Defendants violated NYLL 195(3) concerning the failure to furnish accurate wage statements, with accurate statements of wages, hours worked, rates paid, gross and net wages, to Plaintiff and the Rule 23 Class;

h.    Whether Defendants acted in good faith to avoid liquidated damages;

i.    Whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Rule 23 Class, and other records required by the NYLL;

j.    Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

k.    the nature and extent of class-wide injury and the measure of damages for those injuries.

91.    The claims of the Plaintiff are typical of the claims of the Rule 23 Class. Plaintiff and all the Rule 23 Class members work, or have worked, and were not paid minimum wage, overtime or spread of hours and were manual workers but were not paid within seven (7) days of each workweek. Plaintiff and the Rule 23 Class members enjoy the same statutory rights under the NYLL, including to be properly compensated for all hours worked.

92.    Plaintiff and the Rule 23 Class members have all sustained similar types of damages because of Defendants' failure to comply with the NYLL. Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

93.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

94.    Plaintiff retained counsel competent and experienced in wage and hour litigation, which has investigated potential claims, and has the resources to commit to representing the class.

95.    There is no conflict between the Plaintiff and the Rule 23 Class members.

96.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery because of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The class members individually lack the financial resources

to conduct a thorough examination of Defendants' timekeeping and compensation practices and to

prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class

litigation will obviate the need for unduly duplicative litigation that might result in inconsistent

judgments about Defendants' practices.

97.     This action is properly maintainable as a class action under Federal Rule of Civil

Procedure 23(b)(3).

5.  **CAUSES OF ACTION**

5.1.  **FIRST CAUSE OF ACTION – Fair Labor Standards Act – Unpaid Minimum Wages**

98.     Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set

forth herein.

99.     Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. §

216(b).

100.     At all times relevant, Plaintiff and the members of the FLSA Collective were or have

been employees within the meaning of 29 U.S.C. §§ 201 et seq.

101.     At all times relevant, Defendants have been employers of Plaintiff and the members

of the FLSA Collective, engaged in commerce and /or the production of goods for commerce

within the meaning of 29 U.S.C. §§ 201 et seq.

102.     Defendants have failed to pay Plaintiff and the members of the FLSA Collective the

minimum wages to which they are entitled under the FLSA.

103.     Defendants' unlawful conduct, as described in this Complaint, has been willful and

intentional. Defendants were aware or should have been aware that the practices described in this

Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply

with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA

Collective.

104.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

105.    As a result of Defendants' willful violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

   5.2.    **SECOND CAUSE OF ACTION - Fair Labor Standards Act - Overtime Wages**

106.    Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

107.    Defendants have failed to pay Plaintiff and the members of the FLSA Collective the premium overtime wages to which they are entitled under the FLSA for all hours worked beyond 40 per workweek.

108.    Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

109.    Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

110.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

111.    As a result of Defendants' willful violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages,

prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

5.3. **THIRD CAUSE OF ACTION - New York Labor Law - Unpaid Minimum Wages**

112.    Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

113.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

114.    At all times relevant, Plaintiff and the members of the Rule 23 Class have been employees of Defendants, and Defendants have been employers of Plaintiff and the members of the Rule 23 Class within the meaning of the NYLL §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

115.    Defendants have failed to pay Plaintiff and the members of the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

116.    Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff and the members of the Rule 23 Class, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

117.    Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

5.4. **FOURTH CAUSE OF ACTION - New York Labor Law - Unpaid Overtime**

118.    Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

119.    Defendants have failed to pay Plaintiff and the members of the Rule 23 Class the premium overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations for all hours worked beyond 40 per workweek.

120.    Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

121.    Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

5.5. **FIFTH CAUSE OF ACTION - New York Labor Law - Failure to Provide Wage Notices**

122.    Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

123.    Pursuant to Section 195(1) of the NYLL, an employer is required to provide its employees at the time of hiring a notice containing information, such as, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; ... the regular pay day designated by the employer ...; [and] the name of the employer .... For all employees who are not exempt from overtime compensation ..., the notice must sate the regular hourly rate and overtime rate of pay."

124.    Pursuant to Section 198-1(b) of the NYLL, an employee that does not receive a wage notification, as required by NYLL § 195(1), may bring a civil action to recover damages of $250 for each workday that the violation occurs or continues to occur, but not to exceed $5,000.

125.     At the time of hire, Defendants did not provide Plaintiff, David Anderson, or members of the putative class with wage notifications informing them of, among other things, (1) their regular rates of pay, (2) their overtime rates of pay, (3) the basis of their rates of pay (e.g., whether they were hourly employees), or (4) the regular pay day designated by Defendants.

126.     Defendants violated NYLL § 195(1) by failing to provide Plaintiff and members of the putative class with wage notifications containing the information required by NYLL § 195, et seq.

127.     The failure of Defendants to provide Plaintiff and members of the putative class with wage notifications in violation of NYLL § 195 was willful.

128.     By the foregoing reasons, Defendants are liable to Plaintiff and members of the putative class the statutory amounts, plus attorney's fees, costs, and any other damages permitted under the NYLL.

5.6.  **SIXTH CAUSE OF ACTION - New York Labor Law - Failure to Provide Accurate Wage Statements**

129.     Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

130.     Pursuant to Section 195(3) of the New York Labor Law, an employer is required to furnish each employee with a statement with every payment of wages that identifies, among other things, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or in another manner. For employees that are not exempt from overtime compensation under New York state law or regulation, such wage statement must also include "the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

131.    Pursuant to Section 198-1(d) of the New York Labor Law, an employee that does not receive a wage statement, as required by NYLL § 195(3), may bring a civil action to recover damages of $50 for each workday that the violation occurs or continues to occur, but not to exceed $5,000.

132.    Named Plaintiff and members of the putative class did not receive any wage statements from the Defendants.

133.    Defendants violated NYLL § 195(3) by failing to provide Named Plaintiff and members of the putative class with wage statements containing the information required by NYLL § 195(3).

134.    The failure of Defendants to provide Named Plaintiff and members of the putative class with wage statements in violation of NYLL § 195 was willful.

135.    By the foregoing reasons, Defendants are liable to Plaintiff and members of the putative class and collective the statutory amounts, plus attorney's fees, costs, and any other damages permitted under the NYLL.

5.7. **SEVENTH CAUSE OF ACTION - Unpaid Spread-of-Hours Pay**

136.    Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

137.    12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which... the spread of hours exceeds 10 hours [in a day]." ("Spread of hours" compensation).

138.    12 NYCRR 146-1.6 requires that "on each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate."

139.    Plaintiff and other members of the putative class regularly worked more than ten (10) hours in a day.

140.     Defendants did not pay Plaintiff and other members of the putative class an additional hour's pay when they worked more than ten (10) hours in a day.

141.     Consequently, by failing to pay to Plaintiff, David Anderson, an additional hour's pay when Plaintiff, David Anderson, worked more than ten (10) hours in a day, Defendants violated 12 NYCRR § 142-2.4 and 12 NYCRR 146-1.6.

142.     By the foregoing reasons, Defendants have violated 12 NYCRR § 142-2.4 and 12 NYCRR 146-1.6 and are liable to Plaintiff, David Anderson, in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

### 5.8.  <u>EIGHTH CAUSE OF ACTION – Untimely Paid Wages</u>

143.     Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

144.     Defendants paid Plaintiff and a sub-class and collective of similarly situated employees on a bi-weekly basis.

145.     Throughout the employment, Plaintiff spent at least 25% of the working time performing physical tasks.

146.     Plaintiff was a "manual worker" within the meaning of NYLL § 191(1)(a).

147.     Defendants should have paid Plaintiff on a weekly basis, "and not later than seven calendar days after the end of the week in which the wages were earned." N.Y. Lab. L. § 191(1)(a).

148.     Because Defendants failed to pay Plaintiff on a weekly basis, in addition to other recovery available under the foregoing claims, Plaintiff SELWYN ROBERTS and similarly situated members of the collective and class are entitled to recover liquidated damages equal to wages that were paid a week late every bi-weekly period and are entitled to interest, attorney's fees and expenses.

6. **PRAYER FOR RELIEF**

149.    WHEREFORE, Plaintiff on behalf of themselves and all other similarly situated employees, respectfully requests that this Court grant the following relief:

    a.  Designate this action as a collective action on behalf of the FSLA Collective and authorize the prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

    b.  Certify this case as a class action pursuant to Rule 23 for the class of employees described herein, certification of Plaintiff as the class representatives, and designation of Plaintiff' counsel as Class Counsel;

    c.  Declare that Defendants violated the minimum wage provisions of the FLSA and NYLL;

    d.  Declare that Defendants violated the overtime provisions of the FLSA and NYLL;

    e.  Declare that Defendants violated the spread of hours provisions of the NYLL;

    f.  Declare that Defendants violated timely pay provisions of the NYLL;

    g.  Declare that Defendants violated call-in requirements of the NYLL;

    h.  Declare Defendants violated the notice and recordkeeping provisions of the NYLL and WTPA;

    i.  Declare that Defendants' violations of the FLSA and NYLL were willful;

    j.  Award Plaintiff, the FLSA Collective, and the Rule 23 Class unpaid minimum wages under the FLSA and NYLL;

    k.  Award Plaintiff, the FLSA Collective, and the Rule 23 Class unpaid overtime wages under the FLSA and NYLL;

l.   Award Plaintiff, the FLSA Collective, and the Rule 23 Class spread-of-hours wages under the NYLL;

m.  Award Plaintiff, the FLSA Collective and the Rule 23 Class call-in pay under the NYLL;

n.   Award Plaintiff damages for untimely payments under the NYLL;

o.   Award Plaintiff, the FLSA Collective, and the Rule 23 Class liquidated damages under the FLSA;

p.   Award Plaintiff, the FLSA Collective, and the Rule 23 Class liquidated damages under the NYLL;

q.   Award Plaintiff, the FLSA Collective, and the Rule 23 Class damages for failure to lawfully issue wage notices under the NYLL;

r.   Award Plaintiff, the FLSA Collective, and the Rule 23 Class damages for failure to lawfully issue wage statements under the NYLL;

s.   Award Plaintiff, the FLSA Collective, and the Rule 23 Class award of prejudgment and post-judgment interest;

t.   Award of costs, expenses, and reasonable attorneys' and expert fees; and,

u.   Award such other and further relief as this Court deems just and proper.

## 7.  **DEMAND FOR TRIAL BY JURY**

150.  Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: Astoria, New York
   July 12, 2023

Saco & Fillas, LLP

By: _____/s/ Clifford Tucker_____
  Clifford Tucker, Esq.
  31-19 Newtown Ave., 7th Floor.
  Astoria, New York 11102
  Ph: 718-269-2243
  CTucker@SaccoFillas.com

**<u>DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES
PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS
CORPORATION LAW</u>**

TO: AMERICAN GOLF CORPORATION

PLEASE TAKE NOTICE THAT the Plaintiff and others similarly situated as employees of the above corporation or LLC who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, and Section 609 of the Limited Liability Company Law of New York, payment of debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the above corporation or LLC for services performed by them for the above corporation or LLC within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation or LLC, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporation/LLC and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: Astoria, New York     Saco & Fillas, LLP
    July 12, 2023

            By: _____*/s/ Clifford Tucker*_____
              Clifford Tucker, Esq.
              31-19 Newtown Ave., 7th Floor.
              Astoria, New York 11102
              Ph: 718-269-2243
              CTucker@SaccoFillas.com

## <u>NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED</u>

TO: AMERICAN GOLF CORPORATION, AGC FIELD OPERATIONS LLC

PLEASE TAKE NOTICE THAT pursuant to the provisions of Section 630 of the Business Corporation Law of New York and Section 609 of the Limited Liability Company Law of New York, you are hereby notified that the Plaintiff and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders and/or members of AMERICAN GOLF CORPORATION, AGC FIELD OPERATIONS LLC for all debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the said corporation/LLC for services performed by them for the said corporation/LLC within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: Astoria, New York
              July 12, 2023

Saco & Fillas, LLP

By: _____ */s/ Clifford Tucker* _____
          Clifford Tucker, Esq.
          31-19 Newtown Ave., 7th Floor.
          Astoria, New York 11102
          Ph: 718-269-2243
          CTucker@SaccoFillas.com

### CONSENT TO JOIN ACTION

### REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under the federal Fair Labor Standards Act, New York Labor Law, and implementing regulations and wage orders.

I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Translation / Traducción:

Por la presente, doy mi consentimiento para ser parte demandante en una acción para recuperar salarios no pagados, incluidos, entre otros, salarios mínimos, horas extras, horarios extendidos, gratificaciones, daños legales y liquidados, honorarios de abogados, costos, intereses y otras sumas que se me adeudan. y otros empleados en situaciones similares bajo la Ley Federal de Normas Laborales Justas, la Ley Laboral de Nueva York y las reglamentaciones de implementación y órdenes salariales.

Por la presente, autorizo a Sacco & Fillas LLP a presentar cualquier reclamo que pueda tener, incluido el litigio que sea necesario, y por la presente consiento, acepto y tengo la opción de convertirme en demandante en este documento y estar obligado por cualquier acuerdo de esta acción o adjudicación por La corte.

Name/Nombre: __Selwyn Roberts__

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/Firma: _*Selwyn Roberts*_
Selwyn Roberts (May 22, 2023 13:25 EDT)    Date/Fecha: __May 22, 2023__